No. 840

WATERWORTH, Guard. v. PAISLEY

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6463.    May 18, 1925

415. DOMESTIC RELATIONS—Where real estate is conveyed to grantee who is nephew of person out of whose funds payment is made, test as to whether the relationship is that of "his own family" is whether uncle was obligated under law or otherwise to maintain or support his nephew, such as status of parent and child, etc.

SULLIVAN, J.

This cause was appealed from the Cuyahoga Common Pleas and the question at issue is whether a certain conveyance of a half interest in certain real estate is a trust, express, resultant or constructive, or an advancement or gift; from Albert Faas, incompetent.

Faas moved to Cleveland from Pennsylvania to live with his nephew, Samuel Paisley. He purchased a home worth $14,000 and the grantees were Faas and Paisley. It is conceded from the record that no relationship existed between the parties which created any obligation on part of Faas to Paisley. The parties lived together for only about nine months when Faas separated from the Paisleys.

Faas, at the instance of the Paisleys was taken into custody and held for observation by the Probate Court and the result of the observations was to appoint William Waterworth as guardian of the person and property of Faas on the ground of his incompetency. Numerous attempts were made by Waterworth to induce Paisley to reconvey his half interest in the house, it being claimed that the original conveyance was made on the express condition that the half interest to Paisley should be re-conveyed to Faas whenever he demanded or needed it, and that in no sense was it intended as a gift or an advancement.

Paisley set up an answer and cross petition admitting full payment of consideration by Faas, but denying that the property was held in trust by virtue of an agreement, claiming the half interest in the property was conveyed

to him as an unconditional gift. The answer also set forth that the interest conveyed to Paisley was in the nature of an exchange of gifts, for a one-twentieth interest in certain Pennsylvania real estate was to be quit-claimed by the Paisleys to Faas. Grounds were set up for the partition of the property for the reason that the parties could not live together in amity in the same household.

It is contended by Paisley that when a person purchases property with his own funds and conveyance is made to a member of his own family, the presumption is that the property is intended as a gift or an advancement. Creed et v. Pres. of Bank, 1 OA. 1. The Court of Appeals held:

1. The case further holds that these are merely abstract presumptions and may be rebutted by evidence going to show a different intention; and each case has to be determined by the reasonable presumption arising from all the facts and circumstances connected with it.

2. This authority does not apply unless Paisley was a member of the Faas family; for in the case above cited the language is, "conveyance is made by a man to a member of his own family, the presumption is that the property is intended as a gift or an advancement."

3. The test of such relationship is whether the grantor is under some legal obligation, in the way of maintenance and support to the grantee, such as the status existing between parent and child.

4. Faas was under no circumstances obligated by law, or otherwise to maintain or support his nephew, Paisley, whose relationship to Faas was of such an independent nature, that it had none of the characteristics of the family relation, where such terms are used in the domestic sense.

5. Faas did not have such control of his mental faculties as would impress the transaction with good faith and legality. Out of this circumstance grows constructively, a fiduciary relation which would render it necessary for Paisley to have proceeded in the matter of the conveyance with the utmost caution.

6. The defense of exchange of gifts has little credence to support itself because of the property going from Faas to Paisley being more than quadruple in value of that going from Paisley to Faas by way of quit-claim.

7. "A court of equity will not permit any

person who, from the relation in which he stands to another, is capable of exercising an undue influence over his mind, to derive profit from any transaction which may be supposed to have taken place by reason of such opportunities of undue influence." Long v. Mulford, 17 OS.

8. Paisley not being a member of Faas's own family; there being credible evidence of a substantial nature supporting the contention of a trust; the burden of proof was upon Paisley to show that instead of a trust there was a gift or advancement.

Decree for Waterworth.

Attorneys—Waterworth & Waterworth for Guardian; Krueger & Pelton for Paisley; all of Cleveland.