This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendants-Appellants Gerard, Elaine, Martha, and Daniel Tomasik have appealed from a judgment of the Summit County Common Pleas Court, Probate Division, that found them liable to Appellee George Wertz, the guardian of Hedy Jurkoshek's estate. This Court reverses and remands for proceedings consistent with this opinion.
 I.
On August 29, 1996, Gerard took Hedy to the hospital because she was complaining of physical pain.[1] Before going to the hospital, Hedy and Gerard stopped at the bank to appoint Gerard as Hedy's power of attorney. Hedy was eventually admitted into a psychiatric ward, and the doctor suggested that Gerard file an application in the probate court to appoint him as her guardian. Hedy eventually left the hospital and now permanently resides in a nursing home.
While the application for the guardianship was pending, Gerard closed approximately eight bank accounts in Hedy's name. He deposited the money from the closed accounts into new joint accounts with his siblings that did not include Hedy's name. Hedy became upset when she learned of Gerard's actions and sought counsel, Appellee George Wertz. Shortly thereafter, Appellee filed an application in the probate court to appoint him as Hedy's guardian. A hearing was conducted on the matter. On December 5, 1996, Appellants cashed in several bonds that listed Hedy as the co-owner. The bank imposed a penalty on some of the bonds because they had not matured at that time.
On December 27, 1996, the probate court appointed Appellee as guardian of Hedy's person and estate. After Appellee became guardian, he filed a complaint for declaratory judgment, alleging that Appellants wrongfully took possession of approximately $309,244 that belonged to Hedy's estate. After various motions were filed for discovery, a hearing commenced on April 20, 1999.
The evidence at the hearing indicated that Hedy was unaware of the 1996 transactions involving her various accounts. She was not present during, and did not sign any withdrawal slips authorizing, the withdrawal of the money from her accounts or cashing of the bonds. Appellants testified that they did not rely on Hedy for support; however, they stated that Hedy had intended to give them the money as a gift.
On August 9, 1999, the magistrate found that Appellants failed to prove that transactions were valid gifts from Hedy to her nieces, or that Gerard, pursuant to the purported POA, had authority to make gifts of money or the bonds to himself or his siblings. Appellants raised an objection to the magistrate's decision, which the trial court overruled. They timely appealed, asserting two assignments of error.
 II. A. Assignment of Error Number One The probate court erred in requiring [Appellants] to assume the ultimate burden of proof to establish that joint account transfers and the cashing of bonds constituted gifts.
In their first assignment of error, Appellants have argued that the probate court erred when it assigned to them the burden of proving by clear and convincing evidence that the money transfers were gifts. Appellants have asserted that the family gift presumption applies, and that they only had to present evidence that there was no undue influence. On the other hand, Appellee has argued that the family gift presumption did not apply, and that Appellants did not meet their burden of proving the transactions constituted gifts.
The burden of establishing a gift is usually on the donee by clear and convincing evidence. See In re Estate of Fife (1956), 164 Ohio St. 449,456. When a transaction is made that benefits a family member, there is a presumption that the transaction was intended as a gift. See Creed v.Lancaster Bank (1852), 1 Ohio St. 1, 10. Based on the circumstances of a case, the trial court must determine whether the donor is under some legal obligation, in the way of maintenance and support to the donee, such as the status existing between parent and child. See Waterworth v.Paisley (1925), 3 Ohio L. Abs. 618, 618 (holding that the relationship between an uncle and nephew may be of an independent nature that had none of the characteristics of a family.) The presumption may be rebutted by "circumstances or evidence going to show a different intention, and each case has to be determined by the reasonable presumptions arising from all the acts and circumstances connected with it[.]" Creed,1 Ohio St. at 10.
Appellants have relied on In re Blumetti (Jan. 14, 1994), Trumbull App. No. 92-T-4752, unreported, 1994 Ohio App. LEXIS 78, to support their argument that the trial court failed to apply the family gift presumption. However, the instant case is distinguishable. In Blumetti, the Eleventh District Court of Appeals reversed and remanded the matter for the probate court to determine whether the appellant exercised undue influence as the fiduciary of Blumetti's estate. Blumetti, supra, at *10. In the present matter, no one has contested the fact that Appellee is the fiduciary; therefore, Appellant's argument is not well taken.
In reviewing the record, it appears that the probate court mentioned the family gift presumption in the judgment entry, but did not determine whether or not the presumption applied. Such a determination should be made in the first instance by the probate court. Accordingly, this matter is remanded to the probate court to determine whether the evidence is sufficient to establish a family relationship between Hedy and Appellants. Appellants' first assignment of error is sustained.
 B. Assignment of Error Number Two The magistrate erred in concluding that [Hedy] was competent to testify, and erred further in admitting her testimony into evidence.
In their second assignment of error, Appellants have argued that the probate court erred when it determined that Hedy was competent to testify. Specifically, Appellants have argued that Hedy was of unsound mind, and therefore, incompetent. This Court disagrees.
In reviewing a trial court's decision to allow testimony, this Court shall not overturn a decision absent a showing of an abuse of discretion. See State v. Bresson (1990), 51 Ohio St.3d 123, 129. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Id.
Evid.R. 601 presumes that every person is competent to testify. Further, "[a] determination that an individual is incompetent * * * does not constitute a cessation of all the individual's rights." Wozniak v.Wozniak (Jan. 31, 1986), Lucas App. No. L-85-147, unreported, 1986 Ohio App. LEXIS 5437, at *5. The Ohio Supreme Court has held that "[a] person who is able to correctly state matters which have come within his perception, with respect to issues involved, and appreciates and understands the nature and obligation of an oath is a competent witness, notwithstanding some unsoundness of mind." State v. Wildman (1945),145 Ohio St. 379, 386. An incompetent person is defined as:
 any person who is so mentally impaired as a result of a mental or physical illness or disability, or mental retardation, or as a result of chronic substance abuse, that the person is incapable of taking proper care of the person's self or property or fails to provide for the person's family or other persons for whom the person is charged by law to provide, or any person confined to a correctional institution within this state.
R.C. 2111.01(D).
In the case at bar, the transcript of the hearing reveals that Hedy understood the oath and the need to tell the truth. She identified Appellants in the courtroom. Although some of Hedy's answers may appear to be rambling, she was able to consistently answer all the key questions. For instance, Hedy stated that she did not want Appellants to have her money until she was dead and wanted Appellants to return the money to her estate. It appears that Hedy's perception was only impaired when asked about her deceased husband or an incident involving a bat, neither of which relate to the main issues in this case. Based on the foregoing, this Court concludes that the probate court did not abuse its discretion when it found Hedy competent to testify. Appellants' second assignment of error is overruled.
 III.
Appellants' first assignment of error is sustained. Their second assignment of error is overruled. The judgment of the probate court is reversed and the cause is remanded for proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
 ___________________________ BETH WHITMORE
BATCHELDER, P. J., BAIRD, J., CONCUR.
[1] Hedy has no children, and Appellants are Hedy's only nieces and nephews.